**KAZEROUNI LAW GROUP, APC**
Yana A. Hart, Esq. (SBN: 306499)
yana@kazlg.com
2221 Camino Del Rio, Suite 101
San Diego, CA 92108
Tel.: (619) 233-7770
Fax: (619) 297-1022

**LAW OFFICE OF DANIEL G. SHAY**
Daniel G. Shay, Esq. (SBN: 250548)
danielshay@tcpafdcpa.com
2221 Camino Del Rio South, Suite 308
San Diego, CA 92108
Telephone: (619) 222-7429
Fax: (866) 431-3292

*Attorneys for Plaintiff*
Nora Moore

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORA MOORE, Individually and on behalf of others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> WELLS FARGO BANK, N.A., <br><br> Defendant. | Case No: **'19 CV 2252 JLS MDD** <br><br> **CLASS ACTION** <br><br> **COMPLAINT FOR DAMAGES FOR VIOLATIONS OF** <br><br> 1. **Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.*** <br><br> 2. **California Consumer Credit Reporting Agencies Act, Cal. Civ. Code §1785.3 *et seq.*** <br><br> **JURY TRIAL DEMANDED** |

## INTRODUCTION

1. Congress has found the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), to insure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy. The FCRA seeks that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2. Similarly, the California Legislature has found that the banking system is dependent upon fair and accurate credit reporting. As such, California enacted the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785.1 et seq. ("CCCRAA") to ensure fairness, impartiality, and to protect consumer privacy. The CCCRAA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

3. Plaintiff Nora Moore ("Plaintiff"), through her attorneys, brings this Complaint for damages, injunctive relief, and any other available legal or equitable remedies resulting from the illegal actions of Defendant, Wells Fargo Bank, N.A. ("Defendant"), in reporting erroneous negative and derogatory information on Plaintiff's credit report, as that term is defined by 15 U.S.C § 1681a(d)

4. More specifically, Plaintiff brings this Complaint, by and through her attorneys, for damages arising out of the systematic issuance of erroneous credit reports by Defendant. Defendant has erroneously reported continual

KAZEROUNI LAW GROUP, APC
2221 CAMINO DEL RIO SOUTH SUITE 101
SAN DIEGO, CA 92108

monthly payment obligations on accounts that have been closed and paid in full.

5. Plaintiff makes these allegations on information and belief, with the exception of allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

6. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

7. Unless otherwise stated, all the conduct engaged in by Defendant occurred in California.

8. Any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violation.

9. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant.

## JURISDICTION & VENUE

10. Jurisdiction of this Court arises pursuant to 28 U.S.C. §1331; 15 U.S.C. § 1681p; and, 28 U.S.C. § 1367 for the supplemental state claim.

11. This court has personal jurisdiction over Defendant because Defendant conducts business in California and has a principal office located in San Francisco, California.

12. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(b)(2), because Defendant transacts business in this district and the acts and omissions alleged occurred while Plaintiff was physically located in the County of San Diego, State of California.

///

///

## PARTIES & DEFINITIONS

13. Plaintiff is a natural person who resides in the County of San Diego, State of California. Plaintiff is also a "consumer," as that term is defined by 15 U.S.C. § 1681a(c) and Cal. Civ. Code § 1785.3(b).

14. Defendant is a national bank authorized to do business in the State of California. Because Defendant is a partnership, corporation, association, or other entity, it is therefore a "person" as that term is defined by 15 U.S.C. § 1681a(b).

15. The cause of action herein pertains to Plaintiff's "consumer credit report" as that term is defined by 15 U.S.C. § 1681a(d) and Cal. Civ. Code § 1785.3(c), in that inaccurate representations of Plaintiff's credit worthiness, credit standing, and credit capacity were made via written, oral, or other communication of information by a consumer credit reporting agency, which is used or is expected to be used, or collected in whole or in part, for the purposes of serving as a factor in establishing Plaintiff's eligibility for, among other things, credit to be used primarily for personal, family, household and employment purposes.

## FACTUAL ALLEGATIONS

16. At some point prior to the filing of this matter, Plaintiff paid off a number of debts owed to various creditors/furnishers.

17. One such debt was owed to Defendant.

18. On or around April 22, 2019, when checking her TransUnion and Equifax credit reports respectively, Plaintiff and her attorney confirmed that her Wells Fargo Home Mortgage account beginning in 7080, was paid and closed as of February 2012.

19. However, Defendant continues to report a $897 scheduled monthly payment due on that account.

20. Because Plaintiff's account was paid in full and closed, Plaintiff's scheduled monthly payment should be reported as $0 or "NA".

21. Immediately after discovering Plaintiff's inaccurate furnishing, Plaintiff disputed the reporting of the debt to Equifax and TransUnion.
22. Despite Plaintiff's dispute, expressly evidencing Defendant's erroneous furnishing of information, Plaintiff's credit report remains inaccurate because Defendant refuses to correct the scheduled payment listing.
23. To potential lenders reading Plaintiff's credit reports, it appears as though Plaintiff has an ongoing payment obligation to Defendant, which is not true. When making decisions on whether or not to extend credit, lenders consider what monthly obligations potential borrowers already have. If borrowers have too many monthly payment obligations, lenders will not lend to them and borrowers will be unable to obtain financing for necessary things such as vehicles etc.
24. To report these continuing monthly payment obligations is patently incorrect, misleading, and fails to comply with the Metro 2 Guidelines.
25. In an effort to comply with the CCCRAA in the most efficient manner, consumer reporting agencies (such as Experian, Equifax, and Transunion) have adopted a uniform system to gather and report information about consumers as well as process and correct inaccuracies and disputes.
26. "Metro 2" is the credit reporting software that was developed as a standard for the credit reporting industry and provides one standard layout to be used by all furnishers of information to the consumer reporting agencies.
27. Metro 2 provides a resource guide to each user, which explains the proper procedures for reporting information, reporting on investigations, and correcting information.
28. Individual furnishers must be approved by each bureau to report information to that bureau.
29. Once approved, the furnishers are able to provide information to credit bureaus through the Metro 2 system.

30. Furnishers' utilization of the Metro 2 reporting standard correctly is crucial because the Metro 2 system creates a uniform standard for the meaning given to each field provided, which fosters consistency in how furnishers formulate data to report to the credit bureaus, which ultimately leads to objective credit evaluations.

31. By reporting inaccurate information to the credit bureaus, Defendant has misrepresented the status of Plaintiff's financial obligations, specifically Plaintiff's payment obligations for a closed account.

32. As a result of Defendant's improper and unauthorized conduct, Plaintiff has suffered damages due to Defendant's misrepresentations regarding Plaintiff's current payment obligations.

33. This inaccurate reporting will adversely affect credit decisions because credit guarantors are made aware of Plaintiff's current income during the application process.

34. By reporting continuing monthly payments as opposed to a $0 monthly payment, Defendant misrepresents Plaintiff's monthly financial obligations and gives the false impression that Plaintiff has less funds available to satisfy the new credit currently being applied for. Defendant's inaccurate and negative reporting damaged Plaintiff's creditworthiness.

35. Plaintiff's right to be able to apply for credit based on accurate information has been violated, placing Plaintiff at increased risk of not being able to obtain valuable credit and adversely affecting Plaintiff's credit rating.

36. Under Cal. Civ. Code § 1785.25(a), "[a] person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."

37. Defendant, through its own records had explicit and authoritative evidence that the Plaintiff's account was paid in full and closed, meaning scheduled payments were no longer due. Further, Plaintiff disputed Defendant's

reporting. Thus, Defendant knew or should have known that the information it provided to Equifax and Trans Union was inaccurate. By reporting it, Defendant violated Cal. Civ. Code § 1785.25(a).

38. Moreover, Defendant's conduct violates Cal. Civ. Code § 1785.25(b):

> A person who (1) in the ordinary course of business regularly and on a routine basis furnishes information to one or more consumer credit reporting agencies about the person's own transactions or experiences with one or more consumers and (2) determines that information on a specific transaction or experience so provided to a consumer credit reporting agency is not complete or accurate, shall promptly notify the consumer credit reporting agency of that determination and provide to the consumer credit reporting agency any corrections to that information, or any additional information, that is necessary to make the information provided by the person to the consumer credit reporting agency complete and accurate.

39. In the regular course of its business operations, Defendant routinely furnishes information to credit reporting agencies pertaining to transactions between Defendant and Defendant's consumers, so as to provide information to a consumer's credit worthiness, credit standing and credit capacity.

40. Further, through Plaintiff's dispute, Defendant had ample evidence indicating Defendant furnished inaccurate information to Equifax and Trans Union.

41. Nonetheless, because Plaintiff's credit report continues to be inaccurate to date as to scheduled payments due to Defendant, Plaintiff is informed and believed Defendant failed to provide any corrections to Equifax and Trans Union, in violation of Cal. Civ. Code § 1785.25(b).

42. Furthermore, Defendant was required to conduct a reasonable investigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. § 1681i.

43. Still months after sending written disputes to Equifax and TransUnion, Defendant continues to report her account as having a scheduled payment of $897.

44. To continue to furnish to Equifax and TransUnion the account as having a scheduled payment of $897 is patently false information because the account was paid in full in February 2012.
45. Thus, Defendant continues to furnish an incorrect "status" of the Debt and also continues to furnish incorrect historical information regarding the Debt.
46. Plaintiff is informed and believes and here upon alleges that during an investigation of Plaintiff's dispute, Defendant discovered the correct status of the Plaintiff's account, but Defendant willfully failed to correct the incorrect information on Plaintiff's consumer credit report in violation of 15 U.S.C. §§ 1681s-2(a)(1)(A), (a)(1)(B).
47. Alternatively, on information and belief, Defendant failed to investigate the erroneous reporting at all, as required by 15 U.S.C § 1681s-2(b)(1)(A).
48. Due to this failure to investigate, Defendant failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E).
49. Defendant is a sophisticated lender that reported inaccurate scheduled monthly payments regarding Plaintiff thereby damaging Plaintiff's, and the putative class members' credit worthiness.

## CLASS ALLEGATIONS

50. Plaintiff brings this action on Plaintiff's own behalf, and on behalf of all others similarly situated.
51. Plaintiff is among many thousands of persons in the United States who has had his or her credit information compiled and furnished by Defendant regarding financial obligations incurred that have been subsequently paid in full, and currently have a $0 balance owed to the original creditor.
52. Defendant has knowledge of when debts are paid in full, and when accounts are closed.
53. Despite the fact that Defendant has knowledge and notice of when accounts are paid in full and/or closed, Defendant has a deliberate policy of not

accurately reporting that said debts are no longer currently still due and owing because they have been paid in full.

54. As a result of Defendant's refusal to make such updates to consumers' credit reports, debts that have been paid in full and/or closed with a $0 balance are instead listed on Class Members' credit reports as a current scheduled monthly payment that is due.

55. These notations clearly indicate to potential creditors, employers, or other third parties that a Class Member still has a monthly obligation. These notations therefore adversely affect a Class Member's ability to obtain credit or employment.

56. Defendant knew that the existence of such inaccurate information in the Class Members' credit reports would damage the Class Members' credit ratings and their ability to obtain new credit, a lease, a mortgage or employment, all of which may be essential to a consumer's regular day-to-day life.

57. Defendant has chosen not to accurately report the fact that the Class Members' debts have been paid in full and/or closed with a $0 balance.

58. Defendant has chosen not to accurately report the fact that the Class Members' debts have been paid in full and/or closed with a $0 balance.

59. Plaintiff defines the Class and sub-class as follows:

> All persons within the United States; (ii) who have or had account(s) with Defendant; (iii) where said account(s) has $0 balance; (v) where Defendant reported a monthly payment obligation; (vi) within two years prior to the filing of the Complaint in this action.

> All persons with addresses in California (ii) who have or had account(s) with Defendant; (iii) where said account(s) has $0 balance; (v) where Defendant reported a monthly payment obligation; (vi) within two years prior to the filing of the Complaint in this action.

60. Defendant and its employees or agents are excluded from the Class.

61. Plaintiff does not know the exact number of persons in the Class, but believes them to be in the several hundreds, if not thousands, making joinder of all these actions impracticable.

62. The identity of the individual members is ascertainable through Defendant and/or Defendant's agents' records or by public notice.

63. There is a well-defined community of interest in the questions of law and fact involved affecting the members of The Class. The questions of law and fact common to the Class predominate over questions affecting only individual class members, and include, but are not limited to, the following:

    a. Whether Defendant has a standard procedure of continuing to report a monthly payment obligation after an account had a $0 balance;
    b. Whether such practices violate the FCRA and/or CCCRAA;
    c. Whether members of the Class are entitled to the remedies under the FCRA and/or CCCRAA;
    d. Whether members of the Class are entitled to declaratory relief;
    e. Whether Defendant should be enjoined from reporting such inaccurate information; and
    f. Whether members of the Class are entitled to injunctive relief.

64. Plaintiff will fairly and adequately protect the interest of the Class.

65. Plaintiff has retained counsel experienced in consumer class action litigation and in handling claims involving credit reporting practices.

66. Plaintiff's claims are typical of the claims of the Class, which all arise from the same operative facts involving reporting a monthly payment obligation after an account is paid and/or closed with a $0 balance.

67. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with Federal law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small

because the maximum statutory damages in an individual action for FCRA and CCCRAA violations are minimal.

68. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims, e.g., securities fraud.

69. Plaintiff and the Class seek injunctive relief against Defendant to refrain from reporting such inaccurate information when Defendant knows or should know the information is inaccurate.

70. Defendant has acted on grounds generally applicable to the Class thereby making appropriate final declaratory relief with respect to the Class as a whole.

71. Members of the Class are likely to be unaware of their rights.

72. Plaintiff contemplates providing notice to the putative class members by direct mail in the form of a postcard and/or via publication.

### FIRST CAUSE OF ACTION

### VIOLATION OF THE FAIR CREDIT REPORTING ACT

### 15 U.S.C. § 1681, *et seq.*

73. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

74. The foregoing acts and omissions constitute numerous and multiple violations of the FCRA.

75. The FCRA allows for a private cause of action against a furnisher of credit information if, after receiving a notice of dispute, the furnisher continues to report inaccurate information to the Credit Reporting Agencies.

76. Specifically, here, Defendant received notice of Plaintiff's dispute from the Credit Reporting Agencies and either (1) failed to reasonably investigate the dispute or (2) investigated the dispute and incorrectly determined it had been accurately reporting the Debt.

77. Nonetheless, Defendant continued and continues to inaccurately report information about Plaintiff's account to at least one Credit Reporting Agency.
78. As a result of each and every negligent violation of the FCRA, Plaintiff and the Class are entitled to statutory damages, pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1681o(a)(2), from Defendant.
79. As a result of each and every willful violation of the FCRA, Plaintiff and the Class are entitled to statutory damages of not less than $100 and not more than $1,000 and such amount as the court may allowed for all other class members, pursuant to 15 U.S.C. § 1681n(a)(1)(A); punitive damages as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Defendant.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE CALIFORNIA CREDIT REPORTING AGENCIES ACT

### Cal. Civ. Code § 1785.1, *et seq.*

80. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.
81. The foregoing acts and omissions constitute numerous and multiple violations of the California Consumer Credit Reporting Agencies Act.
82. Because Defendant is a partnership, corporation, association, or other entity, and is therefore a "person" as that term is defined by Cal. Civ. Code § 1785.3(j), Defendant is and always was obligated to not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should have known that the information is incomplete or inaccurate, as required by Cal. Civ. Code § 1785.25(a). Further Plaintiff proffered Defendant with information to correct Plaintiff's credit report, which Defendant refused to do. Defendant knew or should have known that Defendant was not able to report monthly payment obligations on

accounts that have been paid and/or closed and/or discharged. Thus, Defendant violated Cal. Civ. Code § 1785.25(a) & (b).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the Class Members pray for judgment as follows:

- Certifying the Class as requested herein;
- Finding Plaintiff is the proper Class representative; and
- Appointing Plaintiff's Counsel as Class Counsel;

### FIRST CAUSES OF ACTION
### FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681 *et seq.*

- Actual damages pursuant to 15 U.S.C. § 1681o(a)(1);
- Statutory damages of $1,000.00 per violation, pursuant to 15 U.S.C. § 1681n(a)(1);
- Punitive damages as the court may allow pursuant to 15 U.S.C. § 1681n(a)(2);
- Attorney fees and costs to maintain the instant action, pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2);
- Any other relief the Court may deem just and proper including interest.

### SECOND CAUSES OF ACTION
### CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT
### Cal. Civ. Code § 1785.1, *et seq.*

- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1785.31(a)(2)(A);
- An award of punitive damages of $100-$5,000 per willful violation of Cal. Civ. Code § 1785.25(a), pursuant to Cal. Civ. Code § 1785.31(a)(2)(B);
- Injunctive relief to correct Defendant's erroneous reporting and to prohibit Defendants from engaging in future violations pursuant to Cal. Civ. Code § 1785.31(b);

- An award of costs of litigation and reasonable attorneys' fees, pursuant to Cal. Civ. Code § 1785.31(d); and
- Any and all other relief that this Court deems just and proper.

## TRIAL BY JURY

83. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: November 25, 2019

**KAZEROUNI LAW GROUP, APC**

By: *s/ Yana A. Hart*
    Yana A. Hart, Esq.
    yana@kazlg.com
    Attorneys for Plaintiff